IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

MARTIN LYLES,                            *

    Plaintiff,                       *

vs.                                      *

COLUMBUS BOARD OF WATER                  *       CASE NO. 4:20-CV-93 (CDL)
COMMISSIONERS and STEVEN R.
DAVIS,                                   *

    Defendants.                      *

_____

O R D E R

Martin Lyles works at the Columbus Water Works.  He alleges that he has repeatedly been passed over for promotions because of his race.  Lyles brought this action for race discrimination against the Columbus Water Works and its president, Steven R. Davis, under 42 U.S.C. § 1981 and the Equal Protection Clause of the Fourteenth Amendment.  Defendants filed a motion to dismiss, arguing that Lyles's amended complaint fails to state a claim. For the reasons set forth below, the motion to dismiss (ECF No. 16) is denied.  Defendants' motion to strike portions of the amended complaint (ECF No. 17) is likewise denied.

MOTION TO DISMISS STANDARD

"To survive a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief

that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level."   *Twombly*, 550 U.S. at 555.   In other words, the factual allegations must "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims.   *Id.* at 556. But "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'"   *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556).

FACTUAL ALLEGATIONS

Lyles alleges the following facts in support of his claims. The Court must accept these allegations as true for purposes of the pending motion.

Lyles is a black man.   He began working for the Columbus Board of Water Commissioners d/b/a Columbus Water Works ("CWW") in 2015.   Before Lyles joined CWW, he held management positions for twelve years with Siemens Energy, Inc. and Siemens Westinghouse Technology Services, Inc.   At CWW, Lyles holds a management position and is one of two maintenance supervisors-department managers; he leads the second largest department at CWW.   Lyles has a Bachelor of Science in Technical Management

from Indiana State University, as well as a diploma in electronics technology from Columbus Technical Institute and an associate of applied science in electronics from Columbus State University. Overall, Lyles has twenty-seven years of experience in operations and maintenance. Lyles is active in the Columbus community, he champions initiatives at CWW, and he temporarily performed the duties of senior level positions when there were vacancies. Lyles always received "above expectations" ratings on his performance reviews. Am. Compl. ¶ 100, ECF No. 11.

Lyles asserts that CWW passed him over for the following promotions: (1) vice president of field services, *Id.* ¶¶ 23-37, 39; (2) assistant chief operating officer, *id.* ¶¶ 40-42; (3) programs manager, *id.* ¶ 43; (4) vice president meter maintenance accountability, *id.* ¶ 43; (5) vice president customer advocacy, *id.* ¶ 43; (6) water resource operations specialist, *id.* ¶ 45.[1] Although CWW policies required posting of vacant positions, these positions were not posted, and each position was filled with a white male. *Id.* ¶¶ 23, 25, 27, 40, 42-47, 62. Lyles contends that he was qualified for each of these positions. *E.g., id.* ¶ 95. Lyles alleges that CWW's president, Steven Davis, was the ultimate decisionmaker for these decisions. *Id.*

---

[1] Lyles also mentions the positions of senior vice president of security/environment and chief technical officer, but he concedes that the candidate who was selected for both positions was well qualified. Am. Compl. ¶ 48. Thus, it is not clear from the amended complaint that Lyles is seeking to assert any claims based on these positions. *Id.*

¶ 96.   Lyles asserts that he had far more management and other relevant experience than J.C., who was first selected as vice president of field services and then selected as assistant chief operating officer even though he was "less qualified" than Lyles.  *Id.* ¶¶ 28-37, 39.   Lyles also alleges that he was at least as qualified as J.S., the white male with no degree who was promoted to water resource operations specialist.  *Id.* ¶ 45. And Lyles alleges, albeit without detailing the qualifications of the promoted individuals, that he was more qualified than the individuals who were promoted.  *Id.* ¶¶ 4, 79, 97.

Lyles asserts a claim under the Equal Protection Clause of the Fourteenth Amendment against CWW and Davis in his individual capacity.[2]   He also asserts a claim under 42 U.S.C. § 1981 against Davis in is individual capacity.   Lyles seeks damages from both CWW and Davis, and he seeks punitive damages from Davis in his individual capacity.

DISCUSSION

**I.   Lyles's Race Discrimination Claims**

The Equal Protection Clause of the Fourteenth Amendment "ensures a right to be free from intentional discrimination based upon race," including a "right to be free from employment discrimination." *Williams v. Consol. City of Jacksonville*, 341

---

[2] Though the caption of the amended complaint states that Davis is sued in his official capacity, Lyles acknowledges that an official capacity claim against Davis is properly considered a claim against CWW.

F.3d 1261, 1268 (11th Cir. 2003).   Race-based employment promotion decisions by public officials violate the Equal Protection Clause.   *Id.*   Likewise, 42 U.S.C. § 1981 "prohibits intentional race discrimination in the making and enforcement of public and private contracts, including employment contracts." *Ferrill v. Parker Grp., Inc.*, 168 F.3d 468, 472 (11th Cir. 1999).   Lyles brought both of his claims through 42 U.S.C. § 1983, which provides a cause of action against a person who, under color of state law, deprives another person of any rights secured by the Constitution or laws of the United States.

Defendants assert that Lyles's claims fail because he did not sufficiently allege facts to suggest intentional race discrimination.   Without addressing any specific allegations in Lyles's amended complaint, Defendants argue that Lyles only makes conclusory statements in support of his claims and did not provide a single factual allegation suggesting that the promotion decisions were racially motivated.[3]   The Court disagrees.

---

[3] Defendants do reference some of the specific allegations in their reply brief, where they argue for the first time that Lyles's amended complaint establishes, as a matter of law, that CWW had a legitimate nondiscriminatory reason for each promotion decision solely because the employees who were promoted had more years of service with CWW than Lyles.   Nothing in the Complaint suggests that CWW considered years of service as the sole basis for making the promotion decisions at issue here.   Thus, based on the present record, length of service does not conclusively establish superior qualifications.

To survive a motion to dismiss, a plaintiff asserting race discrimination must allege "'enough factual matter (taken as true) to suggest' intentional race discrimination." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).[4] A complaint "need not allege facts sufficient to make out a classic *McDonnell Douglas* prima facie case." *Id.* (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002)). "This is because *McDonnell Douglas's* burden-shifting framework is an evidentiary standard, not a pleading requirement." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (citing *Swierkiewicz*, 534 U.S. at 510). In *Davis*, for example, although the plaintiffs were not permitted to pursue claims based on hiring decisions that were not identified in the complaint, one plaintiff was permitted to pursue claims based on two specific hiring decisions that were alleged in the complaint. *Davis*, 516 F.3d at 972-74 (permitting Terry Jackson, a black male, to proceed on race discrimination claims based on the hiring of David Presnall, a white male, as production supervisor and Paul Schum, a white male, as production scheduler).

---

[4] The Court understands that *Davis* is sometimes noted abrogated on other grounds by *Twombly*. *E.g.*, *Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1356 n.3 (11th Cir. 2020). *Davis* relies on *Twombly* to explain what a complaint must allege to satisfy Federal Rule of Civil Procedure 8(a). *Davis*, 516 F.3d at 974 & n.43. Thus, it is unclear to this Court how *Davis* could have been abrogated by *Twombly*.

Here, Lyles alleges that he was qualified for six positions that became vacant during his tenure at CWW: (1) vice president of field services, (2) assistant chief operating officer, (3) programs manager, (4) vice president meter maintenance accountability, (5) vice president customer advocacy, and (6) water resource operations specialist. Lyles also alleges that CWW did not post any of these positions, that each position was filled with a less qualified white male, and that Davis was the ultimate decisionmaker for each promotion decision.[5] These allegations are not, as Defendants insist, merely conclusory. The word "conclusory" means "[e]xpressing a factual inference without stating the underlying facts on which the inference is based." CONCLUSORY, Black's Law Dictionary (11th ed. 2019). Here, Lyles makes specific factual allegations about the positions he was qualified for but did not receive, and he makes allegations about the individuals outside his protected class who Lyles says were less qualified but received those positions instead of him. Based on Lyles's specific factual allegations, the Court is satisfied that Defendants have fair notice of what Lyles's claims are and the grounds upon which his claims rest. The Court also finds that these allegations contain enough

---

[5] The Court understands that at the summary judgment stage, a failure to promote claim usually requires proof that the plaintiff applied for the position. That rule, however, may not apply if the employer provides no formal notice of the job's availability. *Carmichael v. Birmingham Saw Works*, 738 F.2d 1126, 1133–34 (11th Cir. 1984).

factual matter, taken as true, to suggest intentional race discrimination by CWW and Davis.

Defendants assert that Lyles cannot maintain his claims against CWW, a local government entity, under § 1983 in light of *Monell v. Department of Social Services*, 436 U.S. 658 (1978). *Monell* established that a local government may only be held liable under § 1983 when its official policy—including acts taken by an official with final policymaking authority—causes a constitutional or statutory violation. In support of their argument for dismissal on *Monell* grounds, Defendants focus on their argument that Lyles did not allege a constitutional or statutory violation. Again, he did. Lyles further alleges that CWW's president, Davis, was the ultimate decisionmaker for these decisions. Taking this allegation as true, as the Court must do at this stage in the proceedings, Lyles adequately alleges that Davis was CWW's final policymaker with regard to each promotion decision, and his claim against CWW is not barred by *Monell* at this time.

Next, Defendants argue that even if Lyles adequately alleged that Davis violated his right to be free from employment discrimination based on race, Davis is entitled to qualified immunity because that right was not clearly established at the time of the promotion decisions described in the amended complaint. "Qualified immunity protects government officials

8

performing discretionary functions from suits in their individual capacities unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Gates v. Khokhar*, 884 F.3d 1290, 1296 (11th Cir. 2018) (quoting *Dalrymple v. Reno*, 334 F.3d 991, 994 (11th Cir. 2003)).

It has long been clearly established that it is "unlawful for a public official to make a race-or gender-based decision concerning . . . promotion . . . or to reorganize existing positions to avoid promoting an employee because of" his race. *Williams*, 341 F.3d at 1272. Defendants nonetheless argue that it could not have been clear to a reasonable official in Davis's position that his promotion decisions might be unlawful. This argument is based on Defendants' position that Davis promoted well qualified employees and did not consider race as a factor. But at this stage in the litigation, the Court must accept "the factual allegations *in the complaint* as true and draw[] all reasonable inferences in the plaintiff's favor." *Davis v. Carter*, 555 F.3d 979, 981 (11th Cir. 2009) (emphasis added) (quoting *Dalrymple*, 334 F.3d at 994)). As discussed above, Lyles adequately alleges that Davis intentionally discriminated

against him because of his race.   Under this version of the
facts, Davis is not entitled to qualified immunity.[6]

Finally, Defendants contend that the Court must dismiss
Lyles's claim for punitive damages, which is only asserted
against Davis in his individual capacity.   The Court finds that
Lyles's allegations that Davis intentionally discriminated
against him because of his race are sufficient to suggest that
Davis had a reckless or callous indifference to Lyles's
federally protected rights.   The Court thus declines to dismiss
Lyles's claim for punitive damages against Davis at this time.

## II.  Defendants' Motion to Strike

Defendants filed a motion to strike portions of Lyles's
Amended Complaint as redundant, impertinent, immaterial, and
scandalous.   Federal Rule of Civil Procedure 12(f) permits a
court to "strike from a pleading . . . any redundant,
immaterial, impertinent, or scandalous matter."   First,
Defendants appear to believe that it is scandalous that Lyles
accuses them of racial discrimination.   But, as discussed above,
Lyles alleges facts which, if proved, would entitle him to
relief under the Equal Protection Clause and § 1981, so the
Court finds no cause to strike the allegations as scandalous
under Rule 12(f).   Second, Defendants seek to strike many of

---

[6] Defendants argue in their reply brief that the individual members of
the Board of Water Commissioners are also entitled to qualified
immunity.  Lyles did not sue any individual board members.

Lyles's allegations as immaterial, repetitive, and impertinent. They ask the Court to strike paragraphs about Lyles's qualifications, the relevant promotion decisions, and the basis for Defendants' liability. These paragraphs are related to the controversy. They are not confusing or prejudicial. Accordingly, the objected-to paragraphs are not so redundant, immaterial, or impertinent that they must be struck under Rule 12(f), and Defendants' motion to strike (ECF No. 17) is denied.

Lyles did try to "fix" the perceived issues in his amended complaint; he filed a motion for leave to amend, along with a proposed second amended complaint. Defendants assert that the proposed amendments do not help, and they oppose Lyles's motion for leave to amend. In light of the Court's denial of the motion to strike portions of Lyles's amended complaint, the Court sees no reason for Lyles to file a second amended complaint, and the motion for leave to amend (ECF No. 25) is terminated as moot.

CONCLUSION

For the reasons set forth above, the Court denies Defendants' motion to dismiss (ECF No. 16) and motion to strike (ECF No. 17). Lyles's motion for leave to file a second amended complaint (ECF No. 25) is terminated as moot. The Court emphasizes that its ruling today does *not* suggest that Lyles's allegations are true or even that Lyles will ultimately be able

to prove them. At this stage in the litigation, the law requires the Court to take Lyles's factual allegations as true. Having done so for the moment, the Court finds that Lyles stated plausible claims under the law. Lyles will have the burden of producing evidence to support these allegations, and Defendants will have an opportunity to contest that evidence.  Today's Order simply allows the parties to proceed to the next step.

IT IS SO ORDERED, this 18th day of December, 2020.

S/Clay D. Land
_____
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA