IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| MARTIN LYLES, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| COLUMBUS BOARD OF | * | 4:20-cv-00093-CDL |
| WATER COMMISSIONERS dba | * | |
| COLUMBUS WATER WORKS and | * | |
| STEVEN R. DAVIS IN HIS OFFICIAL | * | |
| CAPACITY AS PRESIDENT | * | |
| AND HIS INDIVIDUAL CAPACITY, | * | |
| | * | |
| Defendants. | * | |

**PROTECTIVE ORDER**

Plaintiff and Defendants (collectively, the "Parties") stipulate, agree, and jointly request that the following Protective Order shall apply in the above-entitled action.

Upon review of the jointly proposed Protective Order, the Court hereby orders as follows:

For good cause shown, the Court hereby enters the following Protective Order, the terms and conditions of which shall govern documents and information deemed confidential by the parties and specifically identified below.

1.

The parties may designate as "Confidential" any documents, portions of documents, information, electronically stored information, testimony, or other things that the producing party in good faith deems to contain confidential, private, non-public, personal, personnel, business, or trade secret information ("Confidential Information"). With regard to documents and answers to interrogatories, such designation shall be made at the time that such answers are served upon the

opposing party or at the time the copies of documents are delivered to the opposing party or at the time documents are made available for an opposing party's inspection. All materials designated as Confidential shall be so marked by the Parties, or in the case of potions of deposition transcripts, by the court reporter upon the instruction of the party.

2.

Each person to whom Confidential Information is disclosed or made available, including experts or consultants retained by the Parties, shall first be advised of the existence and the contents of this Protective Order and shall be bound by its terms and conditions. No such person shall divulge any Confidential Information, or any data or information, obtained, derived or generated from Confidential Information, to any other person, except as provided herein.

3.

Confidential Information, or data and information obtained, derived or generated form Confidential Information, shall be disclosed only to:

  A. The Court and Court personnel;

  B. Court reporters and their staff;

  C. The Parties;

  D. The Parties' attorneys of record in this action and persons employed in those attorneys' offices;

  E. The Parties' independent experts and consultants, such as statisticians, economists and accountants;

  F. Actual or potential trial or deposition witnesses to whom the Parties' attorneys deem it necessary to discuss such material;

G.  Any mediator(s) or alternative dispute resolution (ADR) professionals engaged by the Parties; and

H.  Any other person(s) any Party believes in good faith should review the records to provide assistance in this matter, as long as the opposing Party is given ten (10) days' advance notice of the proposed disclosure. The Parties should attempt to resolve any dispute regarding an intended disclosure under this subparagraph. If the parties are unable to resolve such dispute, the party objecting to such an intended disclosure may submit such dispute to the Court for resolution. If the objecting party submits the dispute to the Court, the disclosure may not be made to the intended person(s) until the Court resolves the dispute. Such a motion may be made at any time, and failure to make a prompt motion shall not be deemed as a waiver of the right to make such motion.

4.

Confidential Information or data and information obtained, derived or generated from Confidential Information, shall be used only for this litigation and for no other purpose.

5.

The Parties will act in good faith in designating material as Confidential. The above restrictions concerning disclosure shall not apply to Confidential Information that has been made available to the public other than as a result of an unauthorized disclosure.

6.

Nothing contained in this Protective Order shall be construed as a waiver by the Parties of their right to object to the subject matter of any discovery request made in this action. The execution of this Protective Order shall not be construed as an agreement by the Parties to produce any document or supply any information and shall not constitute an admission that any designated

material is relevant in any way to the issues raised in the pending action or as a waiver of any privilege with respect thereto.

7.

The Parties should attempt in good faith to resolve any dispute arising under this Protective Order. If the Parties are unable to resolve such dispute, the party objecting to a designation of documents or information as confidential material may submit such dispute to the Court for resolution. If the objecting party submits the dispute to the Court, the material designated Confidential shall nonetheless be deemed to be Confidential Information until the Court resolves the dispute. Such a motion may be made at any time, and failure to make a prompt motion shall not be deemed as a waiver of the right to make such motion.

8.

Notwithstanding anything to the contrary in any discovery protective order issued by the Court upon the Court's consideration of this Stipulation, no provision of the same shall operate to exclude evidence from public disclosure when that evidence is relied upon in support of or in opposition to any motion or relevant to any hearing or trial. If a party seeks to rely upon any evidence produced pursuant to a protective order and labeled confidential by the opposing party, in support of or in opposition to any motion or during any hearing or trial, that party shall notify the opposing party at least 14 days prior to filing the motion and/or 14 days prior to the hearing or trial. The opposing party shall have 7 days to respond objecting to the public disclosure of the information, and the opposing party shall also file a motion to allow the materials to be filed under seal, which shall state a compelling reason in support of that motion.

9.

Within 90 days after the final termination of this action for any reason, whether by dismissal, settlement, judgment, or decision on appeal, all originals and copies of documents designated as confidential shall be returned to the party who designated the documents as confidential, together with all documents containing information or information derived from or set forth in such confidential material. Alternatively, counsel for the Parties may destroy such documents and certify in writing that such documents have been destroyed.

10.

If any Confidential Information or data obtained, derived or generated therefrom is sought through discovery from the Parties by any other party in any other judicial or administrative proceeding, the Parties agree that they will immediately notify the designating party so as to permit the designating party to seek a protective order from the appropriate court.

11.

Nothing shall prevent disclosure beyond the terms of this Protective Order if the person, entity, or party that produced the Confidential Information consents in writing to such disclosure or if the Court orders such disclosure.

12.

The inadvertent or unintentional disclosure of any confidential information shall not be construed to be a waiver, in whole or in part, of Plaintiff's or Defendant's claims of confidentiality, either as to the specific Confidential Information disclosed or as to other related information. Inadvertent failure to designate a document as protected may be corrected by supplemental written notice given as soon as practicable.

13.

The provisions of this Protective Order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate order entered for good cause shown.

SO ORDERED this 22nd day of January, 2021.

                                              S/Clay D. Land
                                              The Honorable Clay D. Land
                                              Chief United States District Judge
                                              U.S. District Court
                                              Middle District of Georgia

Respectfully submitted this 21st day of January, 2021.

Consented to by:

| The Roper Law Firm | HALL BOOTH SMITH |
|---|---|
| *S/ John W. Roper* | *S/ Melanie V. Slayton* |
| John W. Roper Ga # 614159 | Melanie V. Slaton |
| 233 12th Street Suite 602 | Georgia Bar No.: 539960 |
| Columbus, GA 31901 | mslaton@hallboothsmith.com |
| Phone (706)596-5353 | Mariel E. Smith |
| Facsimile (706)780-1014 | Georgia Bar No.:707608 |
| johnroper@roperlaw.com | msmith@hallboothsmith.com |
| | Nicholas J. Garcia |
| | Georgia Bar No.:863498 |
| | ngarcia@hallboothsmith.com |
| | 1301 1st Ave. Suite 100 |
| | P.O. BOX 2707 |
| | Columbus, GA  31901 |
| | P. (706) 494-3818 |
| | F. (706) 494-3828 |